UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| LENNIE BERG and MENESSA BERG, <br><br> Plaintiff, <br><br> v. <br><br> GEM CITY ACCOUNT SERVICE, INC., <br><br> Defendant. | CIVIL COMPLAINT <br><br> CASE NO. 4:21-cv-04035 <br><br> DEMAND FOR JURY TRIAL |

## COMPLAINT

NOW COME Plaintiffs LENNIE BERG ("Mr. Berg") and MENESSA BERG ("Mrs. Berg") (collectively, "Plaintiffs"), by and through their attorneys, Consumer Law Partners, LLC, complaining as to the conduct of GEM CITY ACCOUNT SERVICE, INC. ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiffs bring this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.* for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business and resides in the Central District of Illinois, and a substantial portion the events or omissions giving rise to the claims occurred within the Central District of Illinois.

PARTIES

4. Plaintiffs are consumers over 18-years-of-age residing in Hancock County, Illinois, which lies within the Central District of Illinois.

5. Defendant is a third-party collection agency specializing in medical, commercial & retail, bad check, and rent collections.[1] Defendant is a corporation organized under the laws of the state of Illinois with its principal place of business located at 200 North 8th Street, Suite 104, Quincy, Illinois 62301. Defendant's registered agent – Barry Kessell, is located at 1630 South 30th Street, Quincy, Illinois 62301. Defendant regularly collects upon consumers residing within the state of Illinois.

6. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

FACTS SUPPORTING CAUSES OF ACTION

7. The instant action stems from Defendant's attempts to collect upon medical debt ("subject debt") said to be owed by Plaintiffs.

8. The subject debt stems from purportedly past due payments in connection with medical services Plaintiffs received at *Quincy Medical Group* and *Macomb Medical Equipment & Supply*.

9. Upon information and belief, after the subject debt was purportedly in default, the subject debt was assigned to Defendant for collection purposes.

10. On or about August 25, 2020, Defendant mailed or caused to be mailed to Plaintiffs a collection letter ("Collection Letter") via U.S. Mail in an attempt to collect upon the subject debt

---

[1] https://gemcityaccountservice.com/

from Plaintiffs. *See* attached Exhibit A for a true and correct copy of Defendant's August 25, 2020 letter.

11. Defendant's Collection Letter itemizes various accounts comprising the subject debt, and includes several disclaimers, including:

> "DO YOU KNOW in additional proceedings, the court could allow attachment of wage, levies on properties, and/or attachment of your possessions."

> "If you are inclined to possibly avoid this extra expense, you can do so by paying this account in full now, or by calling at this office, or by contacting us by letter to arrange for settlement."

12. Plaintiffs were taken aback by Defendant's references to court proceedings, attachment of wages, and levies, especially since any such actions would require a judgment to be entered in connection with the subject debt, and no judgment had yet been entered in connection with the subject debt.

13. Upon information and belief, Defendant regularly threatens to invoke the court system as a means to collect debts purportedly owed to its clients, and this comes about as a matter of course in Defendant's collection practices.

14. Moreover, right above Defendant's signature in the Collection Letter, Defendant falsely states:

> "A Judgment or wage attachment becomes a part of your ***permanent*** credit record.
> You have the right to examine your credit file." *See Id.* (emphasis added).

15. Plaintiffs became highly confused and worried when reading the Collection Letter, as not only was Defendant re-referencing a judgment that was never obtained, but Defendant also affirmatively stated that this judgment would become a part of Plaintiffs' permanent credit file.

16. However, in 2017, the three major credit reporting agencies ("CRAs") – Equifax Information Services, LLC, Experian Information Solutions, Inc. and TransUnion, LLC, enacted

the National Consumer Assistance Plan ("NCAP"), which implemented enhanced standards to help improve the accuracy of consumer credit reports.[2]

17. One of the major takeaways from NCAP was the CRAs' decision to remove civil judgments from consumer credit reports and to no longer report such civil judgments, as they do not adhere to the enhanced standards set forth by NCAP.[3]

18. Defendant's Collection Letter is misleading to Plaintiffs, and is similarly misleading and confusing to the unsophisticated consumer, as it inappropriately asserts that Defendant has the ability to permanently report a hypothetical judgment on a credit file, when such right does not exist.

19. Furthermore, Defendant's litany of false and deceptive representations regarding its intended collection actions and repercussions in connection with the subject debt were all unlawfully made and made without the intent to follow through, as any such action would require a judgment to be entered in connection with the subject debt, and no judgment had yet been entered in connection with the subject debt.

20. To date, Defendant has not initiated a lawsuit against Plaintiffs, so based on the false threats set forth within its Collection Letter, Plaintiffs have questioned the legitimacy of Defendant's collection activities.

21. Accordingly, Plaintiffs did not make a payment on the subject debt which resulted in an appreciable risk of harm to Plaintiffs, as their decision not to pay, which was driven by Defendant's confusing conduct, raised the risk of imminent adverse credit reporting of the subject debt by the owner of the subject debt.

---

[2] https://www.cdiaonline.org/faqs-re-reporting-of-public-records-such-as-civil-judgments-and-tax-liens/
[3] *Id.*

22. After a reasonable time to conduct discovery, Plaintiffs believe that they can prove that all actions taken by Defendant as described in this Complaint, *supra*, were taken willfully and/or with knowledge that its actions were taken in violation of the law.

23. Frustrated and concerned by the nature of Defendant's conduct, Plaintiffs spoke with their attorneys regarding their rights, resulting in expenses.

24. Plaintiffs have suffered additional concrete harm as a result of Defendant's conduct, including but not limited to: emotional distress, false fear of being subjected to litigation and/or illegitimate collection activities, invasion of privacy, and undue anxiety.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

25. Plaintiffs repeat and reallege paragraphs 1 through 24 as though fully set forth herein.

26. Plaintiffs are "consumer[s]" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

27. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly uses the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts. In its website and correspondence to Plaintiffs, Defendant identifies itself as collection agency.

28. Defendant is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others.

29. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be due to another for personal, family, or household purposes.

    a. **Violations of FDCPA §1692d**

30. The FDCPA, pursuant to 15 U.S.C. §1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."

31. Defendant violated § 1692d through its repeated false threats regarding its intent to permanently maintain a judgment on Plaintiffs' credit files, to pursue litigation, and to go after Plaintiffs' personal property if they did not make payment on the subject debt. Such conduct had the natural consequence of Plaintiffs feeling harassed and abused, and Defendant intended its undue threats to create such a result.

    **b. Violations of FDCPA § 1692e**

32. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

33. In addition, this section enumerates specific violations, such as:

> "The false representation of . . . the character, amount, or legal status of any debt . . . ." 15 U.S.C. § 1692e(2)(A).

> "The representation or implication that nonpayment of any debt will result in . . . the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action." 15 U.S.C. § 1692e(4).

> "The threat to take any action that cannot legally be taken or that is not intended to be taken." 15 U.S.C. § 1692e(5).

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

34. Defendant violated § 1692e, e(2)(A), e(4), e(5), and e(10) through its misleading threat that a judgment, which was not obtained by Defendant, would become a part of Plaintiffs' permanent credit record. Such a threat is false and cannot legally be taken, as since 2017, CRAs have decided to omit such civil judgments from consumer credit reports, as they do not adhere to the enhanced standards set forth by NCAP. Yet, Defendant included such language in an effort to instill an

6

undue sense of urgency upon Plaintiffs, as they feared that any non-payment would result in a permanent judgment on their credit reports.

35. Defendant further violated § 1692e, e(2)(A), e(4), e(5), and e(10) through its repeated threats of additional proceedings, litigation, and garnishing or otherwise seizing Plaintiffs' property in the event they did not make payment on the subject debt. Defendant's threats were unlawfully made, and based on the fact that no lawsuit was brought against Plaintiffs since August 2020, such threats were made absent the intent to follow through, illustrating Defendant's violations of the FDCPA.

WHEREFORE, Plaintiffs, LENNIE BERG and MENESSA BERG, respectfully request that this Honorable Court enter judgment in their favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiffs statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiffs actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiffs costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3); and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

DATED this 4th day of March, 2021.            Respectfully Submitted,

                                              */s/ Taxiarchis Hatzidimitriadis*
Taxiarchis Hatzidimitriadis #6319225
David S. Klain #0066305
CONSUMER LAW PARTNERS, LLC
333 N. Michigan Ave., Suite 1300
Chicago, Illinois 60601
(267) 422-1000 (phone)
(267) 422-2000 (fax)
teddy@consumerlawpartners.com

*Attorneys for Plaintiffs,*
*Lennie Berg & Menessa Berg*